### Enoch Harper, Appellant, v. Black Diamond Coal Company, Appellee.

1. INSTRUCTIONS—*when upon assumed risk proper. Held,* in this case, that the phrase "ordinary peril or danger of the service," was properly used.

2. EVIDENCE—*when form of question improper.* A question leading in form is improper.

3. VERDICT—*when inadequacy of, not ground for reversal.* Notwithstanding it is apparent that the verdict in an action for personal injuries is small, it will not be disturbed on review in the absence of any indication that the jury in rendering such verdict were influenced by passion, by prejudice or by errors of law.

4. NEW TRIAL—*when newly discovered evidence not ground for.* Newly discovered evidence is not ground for a new trial where merely cumulative in character; likewise, newly discovered evidence is not ground for new trial where it is apparent that there was a lack of diligence in seeking to procure the same.

Action in case for personal injuries. Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1907. Affirmed. Opinion filed April 21, 1908.

W. J. LAWLER, A. F. BERNARD and STEVENS & STEVENS, for appellant.

HAMILTON, CATRON & SAMPSON, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

The count of the declaration upon which plaintiff relied for a recovery alleges that defendant operated a

coal mine and that in a certain entry therein a portion of the roof was composed of rock and slate which was in loose, insecure and unsafe condition and liable to fall, of which condition defendant had notice; that plaintiff was employed in said mine as a common laborer in and about placing certain timbers in said entry, and that it became the duty of defendant not to order plaintiff to perform labor or be or remain under said rock or slate while the same was in the condition aforesaid; that notwithstanding its duty in that behalf defendant carelessly and negligently ordered plaintiff to go under said rock and slate and there cut a certain hole or hitch in the wall of said entry, and assured plaintiff that he would incur no danger from so doing; that thereupon plaintiff, while in the exercise of due care for his own safety and relying upon said assurance by defendant, went under said rock or slate and began to cut said hole or hitch, and that while so doing the said rock or slate fell from said roof upon and against plaintiff, whereby he was injured, etc. A trial by jury resulted in a verdict and judgment against defendant for $200, from which judgment plaintiff prosecutes this appeal, and urges as grounds for reversal, the giving by the court of improper instructions at the instance of defendant, the refusal of the court to admit competent evidence offered by plaintiff, improper remarks to the jury by counsel for defendant, that the damages awarded to plaintiff are grossly inadequate and the refusal of the court to grant a new trial because of newly discovered evidence.

The evidence discloses that plaintiff was employed by defendant in the capacity of a timberman and not as a common laborer as is alleged in the declaration, and that the duties of a timberman require special knowledge on his part of the condition of roofs in the entries of a mine, the liability of material composing such roofs to fall unless properly timbered, and of the proper method to be adopted in timbering such roofs to secure their safety. It follows, therefore, that the

duties of a timberman render his occupation extra hazardous. The crucial question in the case, the affirmative of which plaintiff was required to establish by a preponderance of the evidence, was whether or not the mine manager, Henderson, directed the plaintiff to take down a certain crossbar which was then supporting a portion of the roof and to cut a hole or hitch at a certain place in the rib of the entry beneath the portion of the roof which had been supported by the crossbar, and upon the protest of plaintiff that the roof at that place was dangerous, then assured plaintiff that the roof was all right. Upon this issue the evidence was close and conflicting and the jury would not have been unwarranted in determining it in favor of either party. The evidence introduced on behalf of defendant tended to show that plaintiff undertook to do the work with full knowledge of the existing conditions; that both he and the mine manager then considered the roof to be in a reasonably safe condition; that plaintiff made no protest and the mine manager gave no assurance of safety, and that plaintiff was guilty of contributory negligence in failing to sound the roof from time to time, during the progress of the work, for the purpose of ascertaining its condition.

The second instruction given at the instance of defendant informed the jury that where an employment is attended with danger, a servant engaging in it assumes the hazard of such ordinary perils and dangers as are incident to such employment, and if he receives an injury from an accident which is the result of the service he cannot recover damages therefor. It is urged that the phrase in the instruction "ordinary peril or danger of the service," must have been understood by the jury to mean any falling of the rock or slate, regardless of the circumstances surrounding the fall, and that they were thus influenced to overlook the fact that a servant acting by direct command of the master or after protest and an assurance of safety, might recover for an injury received in consequence

of his obedience or his reliance upon such assurance of safety. The phrase above quoted necessarily excludes from consideration that class of risks which are not ordinarily incident to the employment and which only accrue in obedience to a direct command by the master or in reliance upon an assurance of safety by the master after a protest by the servant. The instruction states the law applicable to the case upon the theory of defendant with substantial accuracy, and taken in connection with the other given instructions, could not have operated to mislead the jury to the prejudice of plaintiff. Plaintiff selects for criticism a single paragraph in the seventh instruction given at the request of defendant and it may be conceded that standing alone that paragraph would have had a tendency to mislead the jury. The concluding paragraph of the instruction, however, expressly exempts the case as alleged in the declaration from the application of the rule stated in the preceding paragraph.

Upon the direct examination of a witness called on behalf of plaintiff he was interrogated by counsel as follows: "I will ask you whether in that mine that roof will sound all right in response to tapping and drumming with a pick and in a minute or two, fall?" The question was objected to as being leading and the objection was sustained. The question was clearly leading and the objection was properly sustained.

Certain alleged remarks by one of counsel for defendant in his opening statement to the jury are complained of, but as such remarks are not incorporated in the bill of exceptions and do not appear to have been objected to by counsel for plaintiff, no question pertaining thereto is properly presented for review.

The injury received by plaintiff consisted of a comminuted fracture of the lower third of the right leg. While the damages awarded to plaintiff for the injury sustained appear somewhat small, and are undoubtedly less than are usually awarded by a jury to a plaintiff injured under like circumstances, we are not prepared

to say, in the absence of any indication in the record that the jury were influenced by passion or prejudice or by errors of law, that they are so grossly inadequate as to justify a reversal of the judgment.

The existence of the alleged newly discovered evidence relied upon by plaintiff in his motion for a new trial was known to plaintiff prior to the trial, and the affidavit discloses a want of diligence in procuring it. Furthermore, such evidence was merely cumulative.

There is no error in the record prejudicial to plaintiff and the judgment of the Circuit Court will be affirmed.

· *Affirmed.*